UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE INSURANCE COMPANY, and UNITEDHEALTHCARE OF GEORGIA, INC.<br><br>    Plaintiffs,<br>v.<br><br>DL INVESTMENT HOLDINGS, LLC f/k/a DURALL CAPITAL HOLDINGS, LLC,<br><br>    Defendant, | Case No. 1:23-cv-00228-TCB |

**CONSENT JUDGMENT**

This Consent Judgment is hereby entered based on agreement between Plaintiffs United Healthcare Services, Inc., UnitedHealthcare Insurance Company, UnitedHealthcare of Georgia, Inc. (collectively, "UHC" or "United"), and Defendant DL Investment Holdings, LLC f/k/a Durall Capital Holdings, LLC (collectively, the "Parties"), who state as follows:

WHEREAS on December 14, 2018, UHC and DL Investment Holdings, LLC, Aaron Durall, Neisha Zaffuto, NNZ Holdings, LLC, Jenkins County Medical Center d/b/a GA Medical Holdings Corp., Cherokee Memorial Hospital, Sonoma West Medical Center, Reliance Laboratory Testing, Inc., and Medivance Billing, Inc. entered into the Confidential Stand-Down Agreement

1

attached to the Complaint at Doc. 1-1 (hereinafter, the "SDA" (defining the non-UHC parties to the SDA as the "Durall Parties"));

WHEREAS the SDA states that the "Durall Parties shall not file any type of litigation against United concerning the submission of laboratory services, unless United initiates litigation (or provides notice of its intent to initiate litigation) against a Durall Party" (SDA ¶ 2.A);

WHEREAS the SDA states that if "the Durall Parties initiate litigation against United in breach of this Agreement, then (i) this Agreement shall serve as an affirmative defense to such litigation, requiring dismissal of any claims asserted by the Durall Parties against United, and (ii) the Durall Parties that breached the agreement shall be liable to United for all resulting costs and fees (including reasonable attorneys' fees) incurred by United as a result of such litigation" (SDA ¶ 3.A);

WHEREAS on March 11, 2022—without UHC having first initiated litigation (or provided notice of its intent to initiate litigation against a Durall Party)—DL Investment Holdings, LLC filed an arbitration in Georgia against UHC with the American Arbitration Association ("AAA") concerning the submission of laboratory services, seeking more than $100 million (the "Arbitration");

WHEREAS UHC objected to the Arbitration, contending that DL Investment Holdings, LLC filed the Arbitration in breach of the SDA;

WHEREAS on January 17, 2023, UHC filed this action alleging that DL Investment Holdings, LLC had breached the SDA by filing the Arbitration and that UHC was therefore entitled to (1) an injunction prohibiting DL Investment Holdings, LLC from pursuing the Arbitration, except under circumstances permitted by the SDA and (2) attorneys' fees and costs UHC incurred in the Arbitration and in this case, as provided for by the SDA;

WHEREAS on February 7, 2023, the Court granted UHC a temporary restraining order and preliminary injunction ("Preliminary Injunction Order") enjoining DL Investment Holdings, LLC from proceeding further with the Arbitration; specifically, the Court ordered that DL Investment Holdings, LLC may arbitrate or litigate the payment determinations at issue only if UHC first files any litigation against a Durall Party or if UHC fist provides a Durall Party notice of its intent to file litigation against such a party;

WHEREAS in the Preliminary Injunction Order, the Court ordered UHC to post an injunction bond in the amount of $50,000, and UHC did post an injunction bond in that amount (*see* Docs 16, 18);

WHEREAS on February 9, 2023, in response to the Preliminary Injunction Order, the Arbitration was stayed;

WHEREAS UHC has incurred $251,196.80 in attorneys' fees and costs in litigating the Arbitration and this case, including in the filing of this Consent Judgment; and

WHEREAS the Parties have agreed to fully resolve UHC's claim for breach of contract (*see* Compl., Doc. 1) upon the terms stated in this Consent Judgment.

NOW THEREFORE, based on agreement between the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## JURISDICTION

The Court has personal jurisdiction over the Parties. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

## BREACH OF CONTRACT

The Court enters a Consent Judgment on UHC's count for breach of contract. (*See* Compl., Doc. 1.) On this count, DL Investment Holdings, LLC shall owe UHC $251,196.80. Interest on this judgment shall accrue in accordance with 28 U.S.C. § 1961.

## PERMANENT INJUNCTION

Within 30 days of the entry of this order, DL Investment Holdings, LLC shall dismiss all claims brought in the Arbitration with prejudice. DL Investment Holdings, LLC shall bear responsibility for all AAA and arbitrator costs and fees associated with the arbitration. DL Investment Holdings, LLC is further enjoined from proceeding with any arbitration or litigation against UHC concerning lab services, except as provided for under the SDA. Specifically, DL Investment Holdings, LLC may arbitrate or litigate the submission of claims

for lab services only if UHC first files any litigation against a Durall Party, or if UHC provides a Durall Party notice of its intent to file litigation against a Durall Party.

## CANCELLATION OF BOND

The portion of the Court's order requiring a $50,000 preliminary injunction bond posted by UHC (*see* Preliminary Injunction Order at 24, Doc. 16) is hereby VACATED. UHC shall be RELEASED from all liability under the preliminary injunction bond. (*See* Bond Posted, Doc. 18.)

## RETENTION OF JURISDICTION

Jurisdiction over this case and the Parties is retained for the purpose of enforcement of this Consent Judgment. Any Party to this Consent Judgment may apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction and enforcement of this Consent Judgment, including the collection of any unpaid amounts.

## JUDGMENT

Pursuant to the foregoing, judgment is hereby entered accordingly.

_____
Timothy C. Batten
U.S. District Judge

5

This Consent Judgment has been agreed to as to content and form by the parties through their respective undersigned counsel.

| | |
|---|---|
| */s/ Benjamin D. Van Horn* | */s/David Di Pietro* |
| **SINTON, SCOTT, MINOCK & KEREW** | DAVID DI PIETRO, ESQ. |
| Scott P. Kerew | Florida Bar No.: 10370 |
| Georgia Bar 416629 | david@ddpalaw.com |
| skerew@ssmklaw.com | LISANDRA ESTEVEZ, ESQ. |
| Adam J. Sinton | Florida Bar No.: 111475 |
| Georgia Bar 235458 | lisandra@ddpalaw.com |
| asinton@ssmklaw.com | |
| Benjamin D. Van Horn | **DI PIETRO PARTNERS LLP** |
| Georgia Bar 356482 | 901 Las Olas Blvd., Suite 202 |
| bvanhorn@ssmklaw.com | Fort Lauderdale, FL 33301 |
| | Primary Service Email: |
| 3438 Peachtree Road NE, Ste 925 | service@ddpalaw.com |
| Atlanta, Georgia 30326 | Secondary Service Email: |
| (470) 323-0003 | paralegal2@ddpalaw.com |
| | Telephone: (954) 712-3070 |
| *Counsel for Plaintiffs* | Facsimile: (954) 337-382 |
| | |
| | *Counsel for Defendants* |

6

## CERTIFICATE OF SERVICE

I hereby certify that, on April 13, 2023, the foregoing was filed with the Court using CM/ECF, which will serve all parties of record.

<em><u>/s/Benjamin D. Van Horn</u></em><br>
Benjamin D. Van Horn